1144

Gary VARNER, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health
and Human Services, Defendant.

No. 94–4011.

United States District Court,
C.D. Illinois.

May 23, 1995.

John A. Bowman, Wells, McNally & Bowman, Davenport, IA, for plaintiff.

Gerard A. Brost, U.S. Attorney, Peoria, IL and Peter S. Krynski, Office of the General Counsel, Falls Church, VA, for defendant.

*ORDER*

MIHM, Chief Judge.

Before the Court are Gary Varner's Motion for Summary Judgment [12] and Defendant's Motion to Affirm [14]. For the reasons set forth herein, the Motion for Summary Judgment is DENIED and the Motion to Affirm is GRANTED.

*Background*

Varner applied for Disability Insurance Benefits on November 4, 1991, alleging that he was impaired by manic depression and a chemical imbalance from November 15, 1989. (Tr. 13, 147). Varner's application was denied on February 21, 1992. *Id.* at 102. Varner's request for reconsideration was denied on July 9, 1992. *Id.* at 110. Varner requested a hearing before an Administrative Law Judge ("ALJ") on August 28, 1992. *Id.* at 30, 94. Such hearing was held before ALJ Gary L. Vanderhoof on May 3 1993. *Id.* at 13–23. ALJ Vanderhoof denied Plaintiff's request for benefits. *Id.* Varner timely appealed the ALJ's decision. *Id.* at 8. The Appeals Council denied Varner's request for review on December 14, 1993. *Id.* at 5–6. When the Appeals Council declines to hear a case, the ALJ's decision is that of the Secretary. 20 C.F.R. § 404.981 (1994). Pursuant to 42 U.S.C. § 405(g), Varner has brought the matter before this Court for review of the Secretary's decision.

ALJ Vanderhoof's findings are set forth below, in relevant part:

1. The claimant met the special earnings requirements of the Social Security Act from June 27, 1986 through September 30, 1991.

2. The claimant engaged in substantial gainful activity from June 27, 1986 to November 15, 1989 as a truck driver, school bus driver, and landscaper. On average, the claimant earned more than $300.00 per month during this time. This work activity constituted substantial gainful activity under the Regulations. (20 C.F.R. 404.1572 and 416.972) The claimant was not under a disability as defined by the Act from June 27, 1986 through November 15, 1989. The claimant has not been engaged in substantial gainful activity since November 16, 1989.

3. While the medical evidence indicates that the claimant has a severe depressive disorder, it does not rise to the level of an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The testimony of claimant and claimant's wife are not found to be fully credible.

5. Since November 16, 1989, the claimant has had the residual functioning capacity to perform the following physical exertional and nonexertional requirements of work: no physical limitations, a moderately limited ability to perform complex cognitive activities, can perform simple, routine, repetitive work, no high-stress or fast-paced work, and should work more with things than people.

6. The claimant's past relevant work as a truck driver did not require the performance of work-related activities precluded by the above limitations. The claimant can perform his past relevant work as a truck driver.

7. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision. (20 C.F.R. 404.1520(b) and (e) and 416.920(b) and (e)).

(Tr. at 21–22). As will be discussed below, Varner has not made a claim that the ALJ's decision is not supported by substantial evidence and, thus, it is not necessary to set forth a detailed factual description of the medical evidence in the record.

*Discussion*

Varner submits two arguments in support of his Motion for Summary Judgment, including (1) his constitutional right to equal protection has been violated and (2) "medical evidence of record shows that Varner withdraws socially for periods of time, which would preclude competitive employment, due to manic depression." (Mot. for Summary Judgment at 20). The Court will consider these arguments in reverse order.

■ In support of his second argument, Varner asserts that there was no basis for the ALJ's credibility determination. This Court is not in a position to overturn the credibility determinations of the ALJ and will defer to the ALJ's findings of credibility

unless Varner demonstrates that such findings are clearly wrong. *Dray v. Railroad Retirement Bd.,* 10 F.3d 1306, 1313–14 (7th Cir.1993) (citations omitted). Varner has not provided this Court with any indications that the ALJ's credibility determinations were clearly wrong and, thus, they will not be disturbed by this Court.

■ Also in support of the second argument, Varner asserts that the hypothetical questions posed to the vocational expert were lacking in certain details. The hypothetical questions posed to the vocational expert need not consider each and every one of the claimant's impairments as long as the record indicates that the vocational expert has reviewed the documentary evidence prior to the hearing. *Ragsdale v. Shalala,* 1995 WL 242648 (7th Cir. April 27, 1995) (citing *Ehrhart v. Secretary of Health and Human Services,* 969 F.2d 534 (7th Cir.1992)). The record in the case at bar indicates that the vocational expert, G. Brian Paprocki, had reviewed the documentary evidence prior to the hearing. (Tr. at 62). Therefore, the Court finds that Varner's second argument does not support his Motion for Summary Judgment.[1]

■ Turning to the constitutional argument raised by Varner, this Court finds the logic of *Spragens v. Shalala,* 36 F.3d 947 (10th Cir.1994), persuasive and holds that Varner's equal protection rights were not violated by the Social Security Regulations ("SSR"). The SSR provide generally that blind persons may earn approximately $650.00 per month for the time period at issue in Varner's claim before becoming ineligible for Social Security benefits. 42 U.S.C. § 423(d)(4); 20 C.F.R. §§ 404.430, 404.1574(b)(2)(vi), 404.1584(d). Persons who are otherwise disabled, such as Varner, are generally entitled to earn only $300.00 per month for the calendar years between 1979 and 1989 before they are characterized as engaged in substantial gainful employment. 20 C.F.R.

§§ 404.1574(b)(2)(vi), 416.974(b)(2)(vi). Varner asserts that these decisions of the Secretary violated his equal protection rights conferred upon him by the due process clause of the Fifth Amendment.

■ It is well established that decisions to spend money to improve the public welfare do not belong to the courts, but to Congress. The courts may review such decisions only for arbitrary displays of power which are clearly wrong. *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970) (citing *Helvering v. Davis,* 301 U.S. 619, 640, 57 S.Ct. 904, 908, 81 L.Ed. 1307 (1937)); *see also Califano v. Goldfarb,* 430 U.S. 199, 210, 97 S.Ct. 1021, 1028–29, 51 L.Ed.2d 270 (1977) (citations omitted). Thus, the appropriate standard of review is that of a rational basis. *Id.* The presumption of constitutionality will not be overturned unless the decisions or allocations are invidious. *Mathews v. De Castro,* 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976) (citing *Jefferson v. Hackney,* 406 U.S. 535, 546, 92 S.Ct. 1724, 1731, 32 L.Ed.2d 285 (1972)). The burden of overcoming the presumption is placed squarely on the party who challenges a statute's constitutionality. *New York State Club Ass'n, Inc. v. City of New York,* 487 U.S. 1, 17, 108 S.Ct. 2225, 2236–37, 101 L.Ed.2d 1 (1988).

In *Spragens,* the Tenth Circuit reasoned that the legislative distinction between blind persons and persons otherwise disabled was not irrational. 36 F.3d at 950–51. The *Spragens* court cited to *Mathews v. De Castro* in support of its decision, noting that in *Mathews* the Supreme Court determined that the Secretary's distinction between married women below the age of 62 with minor children and divorced women under the age of 62 with minor children survived a constitutional challenge because Congress could "rationally decide that the problems created for divorced women remained less pressing than those faced by women who continue to live

---

1. In the Conclusion of Plaintiff's Memorandum in Support of Motion for Summary Judgment, he submits that the ALJ's decision is not supported by substantial evidence in the record as a whole. This statement alone is not sufficient to warrant the Court's inquiry as to the sufficiency of the evidence supporting the ALJ's decision. It is

Varner's duty to point to portions of the record which indicate the ALJ's decision is not supported by substantial evidence. As Varner has failed to make such a factual argument, this Court will not consider whether the ALJ's determination is supported by substantial weight of the evidence.

with their husbands." 429 U.S. at 189, 97 S.Ct. at 436. Likewise, in the case at bar, Congress could rationally determine that the hardships facing the visually impaired are more substantial than those facing persons otherwise disabled. The fact that Varner may be more disabled than a general sampling of the visually impaired does not change this constitutional analysis. Therefore, this Court finds that the legislature's classification which distinguishes between blind persons and persons otherwise impaired is neither patently arbitrary nor irrational.

For the reasons set forth herein, the Motion for Summary Judgment is DENIED, and the Motion to Affirm is GRANTED. This terminates the case.